# EXHIBIT A



C-13-CR-25-000188

| STATE OF MARYLAND | * | IN THE |
| v. | * | CIRCUIT COURT FOR |
| ALEXANDER MASON RODRIGUEZ | * | HOWARD COUNTY |
| Defendant. | * | CASE NO.: |

\* \* \* \* \* \* \* \* \* \* \* \*

## CRIMINAL INDICTMENT

The Grand Jurors of the State of Maryland for the Body of Howard County do on their Oath present the following:

## INTRODUCTION AND BACKGROUND

At all times relevant to this Indictment:

1. The Anne Arundel County Police Department (hereinafter "AAPD") is a county agency in the State of Maryland, the purpose of which is to be the primary provider of law enforcement services to the citizens of Anne Arundel County, Maryland. AAPD's mission is for its officers to prevent and/or solve crime while working in partnership with their community.

2. On or about March 2, 2023, Alexander Mason Rodriguez, Badge # 2591 (hereinafter "RODRIGUEZ") was hired as a sworn law enforcement officer by AAPD. On or about May 1, 2023, RODRIGUEZ completed the Anne Arundel County Police Academy's comparative compliance training program.

3. On August 9, 2024, and through August 10, 2024, RODRIGUEZ was ranked as a Patrol Officer, was on-duty, and was assigned to the Western District of AAPD.

4. On or about August 10, 2024, at approximately 3:54 a.m., a motorcycle, driven by Joshua VanderZiel (hereinafter "VANDERZIEL"), made a left turn from Russett Green Way onto the 3300 block of Laurel Fort Meade Road in Anne Arundel County, Maryland.

1

5. On or about August 10, 2024, at approximately 3:57 a.m., VANDERZIEL traveled eastbound on Route 198.

6. On or about August 10, 2024, at approximately 4:08 a.m., VANDERZIEL drove into a Shell gas station located at 3460 Laurel Fort Meade Road and approached one of the gas pumps.

7. Seconds later, a black sport utility vehicle (SUV) with the word "POLICE" in large reflective letters on the side of the vehicle attempted to block the motorcycle at a gas pump. However, VANDERZIEL drove around the SUV and exited the Shell gas station, turning right on Route 198.

8. The black SUV exited the Shell gas station by turning left onto Whiskey Bottom Road and then turned right onto Route 198, following VANDERZIEL.

9. On or about August 10, 2024, at approximately 4:09 a.m., VANDERZIEL passed a Wawa gas station located in the 9600 block of Fort Meade Road, and the black SUV followed approximately two seconds behind VANDERZIEL.

10. On or about August 10, 2024, at approximately 4:10 a.m., VANDERZIEL and the black SUV passed a Denny's restaurant located at 314 Washington Boulevard in Prince George's County, Maryland. At that time, VANDERZIEL was traveling at approximately 80 m.p.h. and the black SUV was traveling at approximately 91 m.p.h. The posted speed limit of that section of westbound Route 198 is 40 m.p.h.; the posted speed limit of that section of northbound Washington Boulevard is 35 m.p.h.

11. On or about August 10, 2024, at approximately 4:11 a.m., VANDERZIEL and the black SUV passed a McDonald's restaurant located at 10001 Washington Boulevard and entered Howard County, Maryland.

2

12. On or about August 10, 2024, at approximately 4:11:13 a.m., VANDERZIEL and the black SUV passed Devail Car Wash located at 9747 Washington Boulevard. The black SUV was approximately five seconds behind VANDERZIEL. At that time, VANDERZIEL was traveling at approximately 91-106 m.p.h., and the black SUV was traveling at approximately 97-108 m.p.h. The posted speed limit is 45 m.p.h. from the intersection of Washington Boulevard and Whiskey Bottom Road to the Expert Auto Repair and Tire, located at 9561 Washington Boulevard.

13. On or about August 10, 2024, at approximately 4:11:15 a.m., VANDERZIEL passed Expert Auto Repair and Tire, located at 9561 Washington Boulevard.

14. On or about August 10, 2024, at approximately 4:11:20 a.m., a commercial flatbed truck was turning left onto Washington Boulevard, heading southbound when VANDERZIEL crashed into the truck's second axle.

15. At approximately the same time, the black SUV passed Expert Auto Repair and Tire, and a sound consistent with that of the SUV's driver slamming on the brakes can be heard on video footage. The black SUV then made a U-turn after the crash and accelerated quickly in the opposite direction.

16. On or about August 10, 2024, at approximately 4:11:30 a.m., footage from Expert Auto Repair and Tire captured a sound that is consistent with the driver of the black SUV pressing on the gas pedal, immediately before the black SUV was seen traveling on the southbound lanes of Washington Boulevard.

17. After the collision, three individuals called 911, including the driver of the commercial flatbed truck. Additionally, VANDERZIEL's cell phone made an automatic call to 911 with a notification of the crash. Howard County Police Department ("HCPD") officers responded to the scene and the HCPD crash team initiated the investigation.

3

18. Witnesses advised responding officers that a police vehicle was traveling at a high rate of speed behind the motorcycle immediately before the collision. However, no police vehicle was present when Howard County police officers and emergency medical personnel arrived on scene.

19. VANDERZIEL was pronounced dead on scene.

20. An autopsy revealed VANDERZIEL died of multiple blunt force injuries reportedly sustained as a driver of a motorcycle involved in a collision.

21. On August 14, 2024, a Maryland State Police ("MSP") Crash Team investigator contacted the Maryland Office of the Attorney General Independent Investigations Division ("IID") and advised that there was a fatal motorcycle crash on August 10, 2024, in Howard County, Maryland. The MSP investigator further advised that a dashboard camera from inside of the commercial flatbed truck was recovered by the HCPD crash team. The dashboard camera footage showed a dark vehicle with possible police or security markings leaving the scene of the crash. The HCPD, in coordination with the IID and local police departments, determined that the vehicle did not belong to HCPD, the Laurel City Police Department, or the Prince George's County Police Department.

22. On August 15, 2024, IID investigators met with members of HCPD and viewed the dashboard camera footage from the commercial flatbed truck. HCPD contacted AAPD to determine if the vehicle belonged to them. Review of the commercial flatbed truck's dashboard camera revealed from 04:11:25 to 04:11:30, a set of headlights was observed traveling northbound on Washington Boulevard, rapidly approaching the collision scene approximately a quarter mile behind VANDERZIEL's path of travel. The vehicle conducted a U-turn from 04:11:30 to 04:11:35, and accelerated southbound, away from the collision scene. During the U-turn, the truck's headlights partially illuminated the side of

4

the vehicle. Reflective graphics, similar to those placed on police vehicles, were observed on the side of the vehicle.

23. On August 16, 2024, AAPD advised that one of their officers, RODRIGUEZ, was in the area of the incident at the time of the crash. AAPD made this determination based on an AAPD inquiry and review of the global positioning data ("GPS") connected to RODRIGUEZ's assigned departmental portable radio, which was located in his marked police cruiser.

24. Subsequent investigation revealed that the then unknown black SUV that was following VANDERZIEL during the early morning hours of August 10, 2024, was driven by RODRIGUEZ.

25. On August 20, 2024, after reviewing the available evidence, the IID assumed the investigation, as it was determined to be a police-involved fatality related to an active vehicle pursuit.

26. GPS data revealed that on or about August 10, 2024, at approximately 4:04 a.m., RODRIGUEZ's assigned departmental radio pinged near Tipton Airport, which is near the Baltimore Washington Parkway and Route 198.

27. GPS data revealed that on or about August 10, 2024, at approximately 4:07 a.m., RODRIGUEZ's assigned departmental radio pinged at Baltimore Washington Parkway and Route 198, near the Ourisman Honda.

28. GPS data revealed that on or about August 10, 2024, at approximately 4:08 a.m., RODRIGUEZ's assigned departmental radio was at the Shell gas station.

29. At approximately 4:09:28 a.m., a license plate reader captured RODRIGUEZ's cruiser at Route 198 and Brock Bridge Road.

30. GPS data of RODRIGUEZ's personal cell phone placed the phone at the Wawa gas station on or about August 10, 2024, at 4:09:41 a.m. Additionally, GPS data of RODRIGUEZ's assigned departmental radio showed the cruiser passing the Wawa on or about August 10, 2024, at 4:09:41 a.m.

31. GPS data revealed that at approximately 4:10 a.m., on or about August 10, 2024, RODRIGUEZ's assigned departmental radio pinged at 2nd Street and westbound Route 198, indicating that he had entered Prince George's County, Maryland.

32. RODRIGUEZ did not notify AAPD dispatch that he was departing from Anne Arundel County, Maryland and entering another jurisdiction, Prince George's County, Maryland while engaged in a chase.

33. RODRIGUEZ did not notify AAPD dispatch that he was leaving Prince George's County, Maryland and entering Howard County, Maryland while engaged in a chase.

34. GPS data revealed that on or about August 10, 2024, at approximately 4:11:15 a.m., RODRIGUEZ's personal cell phone was at Laurel Self Storage located at 311 Washington Boulevard.

35. GPS data of RODRIGUEZ's personal cell phone placed the phone directly in front of Expert Auto Repair and Tire on or about August 10, 2024, at 4:11:21 a.m. Additionally, GPS data of RODRIGUEZ's assigned departmental radio placed the vehicle at or near the crash scene on or about August 10, 2024, at 4:11:35 a.m.

36. Multiple surveillance cameras and GPS data of RODRIGUEZ's work cell phone captured RODRIGUEZ driving back to Anne Arundel County, Maryland on Whiskey Bottom Road.

37. After he returned to Anne Arundel County, Maryland, RODRIGUEZ drove to the Maryland City Volunteer Fire Department, located at 3498 Laurel Fort Meade Road.

6

38. On August 10, 2024, RODRIGUEZ chased VANDERZIEL for approximately 4.3 miles and did not activate his emergency equipment, including lights and sirens.

39. On August 10, 2024, during the approximate 4.3-mile-long chase RODRIGUEZ did not notify AAPD dispatch that he was engaged in a chase.

40. On August 10, 2024, during the approximate 4.3-mile-long chase, RODRIGUEZ did not notify a supervisor that he was engaged in a chase.

41. On August 10, 2024, during the approximate 4.3-mile-long chase, RODRIGUEZ did not obtain implicit or explicit permission from a supervisor to engage in a chase.

42. On August 10, 2024, during the approximate 4.3-mile-long chase, RODRIGUEZ did not notify AAPD dispatch that he was leaving Anne Arundel County, Maryland.

43. On August 10, 2024, during the approximate 4.3-mile-long chase, RODRIGUEZ did not notify a supervisor that he was leaving Anne Arundel County, Maryland.

44. On August 10, 2024, after the collision, RODRIGUEZ did not stop at the scene.

45. On August 10, 2024, after the collision, RODRIGUEZ did not return to the scene.

46. RODRIGUEZ did not notify AAPD dispatch of a collision that occurred on or about August 10, 2024.

47. RODRIGUEZ did not notify a supervisor of a collision that occurred on or about August 10, 2024. These material omissions to his supervisor about the circumstances of the crash concealed the occurrence of the chase.

48. RODRIGUEZ did not request emergency medical assistance for the collision that occurred on or about August 10, 2024.

49. RODRIGUEZ did not notify any AAPD personnel that were on-duty from August 9, 2024, into August 10, 2024, of a collision that occurred on or about August 10, 2024.

7

50. On or about August 10, 2024, after the collision occurred, RODRIGUEZ did not render assistance to VANDERZIEL.

51. On or about August 10, 2024, after the collision occurred, RODRIGUEZ did not render assistance to the occupants of the commercial flatbed truck.

52. RODRIGUEZ failed to write a report about the crash. This material omission about the circumstances of the crash concealed the occurrence of the chase and collision.

## COUNT ONE
### (Manslaughter by Vehicle or Vessel – Gross Negligence)

53. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON RODRIGUEZ, did, unlawfully, in a grossly negligent manner, kill Joshua VanderZiel, in violation of Criminal Law Article § 2-209 of the Annotated Code of Maryland, against the peace, government, and dignity of the State.

**Negligent Manslaughter-Auto**
**Maximum Penalty: 10y/$5,000.00 fine**
**CJIS Code 1-0909**

## COUNT TWO
### (Manslaughter by Vehicle or Vessel – Criminal Negligence)

54. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON RODRIGUEZ, did cause the death of Joshua VanderZiel, as the result of driving a vehicle in a criminally negligent manner, in violation of Criminal Law Article § 2-210 of the Annotated Code of Maryland, against the peace, government, and dignity of the State.

**Criminally Negligent Manslaughter-Vehicle**
**Maximum Penalty: 3y/$5,000.00 fine**
**CJIS Code 1-1611**

8

## COUNT THREE
### (Duty of Driver to Remain at Scene of Accident Resulting in Death)

55. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON RODRIGUEZ, knew or reasonably should have known the accident might result in the death of another person and death actually occurred to another person, but failed to immediately stop the vehicle as close as possible to the scene of the accident, without obstructing traffic more than necessary or immediately return to and remain at the scene of the accident until he complied with Transportation Article § 20-104 of the Annotated Code of Maryland, in violation of Transportation Article § 20-102 of the Annotated Code of Maryland, against the peace, government, and dignity of the State.

**Duty of Driver to Remain at Scene of Accident Resulting in Death**
**Maximum Penalty: 10y/$10,000.00 fine**

## COUNT FOUR
### (Misconduct in Office)

56. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON RODRIGUEZ, did corruptly and in violation and perversion of his duties as a duly sworn law enforcement officer for the Anne Arundel County Police Department, commit misconduct in office by committing an unlawful act, to wit: Manslaughter by Vehicle or Vessel – Gross Negligence, in violation of the Common Law of Maryland and against the peace, government, and dignity of the State.

**Misconduct in Office, Common Law**
**Maximum Penalty: Anything not cruel and unusual**
**CJIS Code 2-0645**

9

## COUNT FIVE
### (Misconduct in Office)

57. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON RODRIGUEZ, did corruptly and in violation and perversion of his duties as a duly sworn law enforcement officer for the Anne Arundel County Police Department, commit misconduct in office by committing an unlawful act, to wit: committing an unlawful act, to wit: Manslaughter by Vehicle or Vessel – Criminal Negligence, in violation of the Common Law of Maryland and against the peace, government, and dignity of the State.

**Misconduct in Office, Common Law**
**Maximum Penalty: Anything not cruel and unusual**
**CJIS Code 2-0645**

## COUNT SIX
### (Misconduct in Office)

58. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON RODRIGUEZ, did corruptly and in violation and perversion of his duties as a duly sworn law enforcement officer for the Anne Arundel County Police Department, commit misconduct in office by committing an unlawful act, to wit: failing to remain at the scene of an accident resulting in death, in violation of the Common Law of Maryland and against the peace, government, and dignity of the State.

**Misconduct in Office, Common Law**
**Maximum Penalty: Anything not cruel and unusual**
**CJIS Code 2-0645**

10

## COUNT SEVEN
**(Misconduct in Office)**

59. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON

RODRIGUEZ, did corruptly and in violation and perversion of his duties as a duly sworn

law enforcement officer for the Anne Arundel County Police Department, commit

misconduct in office by failing to report an accident, in violation of the Common Law of

Maryland and against the peace, government, and dignity of the State.

**Misconduct in Office, Common Law**
**Maximum Penalty: Anything not cruel and unusual**
**CJIS Code 2-0645**


## COUNT EIGHT
**(Misconduct in Office)**

60. On or about August 10, 2024, in Howard County, Maryland, ALEXANDER MASON

RODRIGUEZ, did corruptly and in violation and perversion of his duties as a duly sworn

law enforcement officer for the Anne Arundel County Police Department, commit

misconduct in office by failing to stop and render aid at the scene of an accident, in

violation of the Common Law of Maryland and against the peace, government, and dignity

of the State.

**Misconduct in Office, Common Law**
**Maximum Penalty: Anything not cruel and unusual**
**CJIS Code 2-0645**

11

TRUE BILL
FOREMAN OF THE GRAND JURY

BY: _____
Anthony G. Brown
Maryland Attorney General
Maryland Office of the Attorney General


BY: _____
Letam Duson
Assistant Attorney General
Office of the Attorney General
Independent Investigations Division
200 Saint Paul Place
Baltimore, MD 21202
410-576-7067
Lduson@oag.state.md.us
AIS#1312170247


Circuit Court: SUMMONS

Tracking No.: 25-7013-00052-1

Prosecutor: Assistant Attorney General Letam Duson

Description: White Male, DOB: 07/14/1994

12

NOTICE

TO THE PERSON CHARGED:

1.  This paper charges you with committing a crime.

2.  If you have been arrested and remain in custody, you have the right to have a judicial officer decide whether you should be released from jail until your trial.

3.  If you have been served with a citation or summons directing you to appear before a judicial officer for a preliminary inquiry at a date and time designated or within five days of service if no time is designated, a judicial officer will advise you of your rights, the charges against you, and penalties. The preliminary inquiry will be cancelled if a lawyer has entered an appearance to represent you.

4.  You have the right to have a lawyer.

5.  A lawyer can be helpful to you by:
    (A) explaining the charges in this paper;
    (B) telling you the possible penalties;
    (C) explaining any potential collateral consequences of a conviction, including immigration consequences;
    (D) helping you at trial;
    (E) helping you protect your constitutional rights; and
    (F) helping you to get a fair penalty if convicted.

6.  Even if you plan to plead guilty, a lawyer can be helpful.

7.  If you are eligible, the Public Defender or a court-appointed attorney will represent you at any initial appearance before a judicial officer and at any proceeding under Rule 4-216.2 to review an order of a District Court commissioner regarding pretrial release. If you want a lawyer for any further proceeding, including trial, but do not have the money to hire one, the Public Defender may provide a lawyer for you. To apply for Public Defender representation, contact a District Court commissioner.

8.  If you want a lawyer but you cannot get one and the Public Defender will not provide one for you, contact the court clerk as soon as possible.

9.  **DO NOT WAIT UNTIL THE DATE OF YOUR TRIAL TO GET A LAWYER.** If you do not have a lawyer before the trial date, you may have to go to trial without one.

13

**STATE OF MARYLAND    vs.  ALEXANDER MASON RODRIGUEZ**

SID #:  MD4641696
D.L.#:MD10273454633
FBI#: L0L6J09TM
DOB:  07/14/1994

DESCRIPTION:    Gender:      Male
                Height:      6'0
                Weight:      220 lbs.
                Hair Color:
                Eye Color:   ·
                Race:        White


Address:        Alexander Mason Rodriguez
                c/o Chaz Ball, Esq.
                Schlachman, Belsky, Weiner & Davey, P.A.
                300 East Lombard Street, Suite 1100
                Baltimore, MD 21202


District Court Case Number:  Grand Jury Original

State Tracking Number:  257013000521

Police Report Number:

Citations Charged:

Bail Status:    Summons Issued.
                Notify Court of Any Address Change.
                Do not leave State without Court approval.
                Appear for Trial as Scheduled.

                        INDICTMENT
                        TRUE BILL

_____, Foreperson

_____, Judge

Date Filed: April 02, 2025

            Entered: Clerk, Circuit Court for
            Howard County, MD
            April 2, 2025

## CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND
## CRIMINAL CASE TRACKING INFORMATION SHEET

Date: 03/26/25

Grand Jury Orignal #: STATE V. **Alexander Mason Rodriguez**

Is DEFENDANT currently incarcerated? ___No_____

Where? _____

DEFENDANT'S DOB: **07/14/1994**

Lead (most serious) Charge: _**Manslaughter by Vehicle or Vessel – Gross Negligence**

Related Cases: _____

Co-DEFENDANT(S) - (include case #'s if available): _____

District Court Tracking #: **257013000521**

**CRIMINAL TRACK REQUESTED:** (CIRCLE ONE TRACK)

Track 2: Charge by Information or Indictment*

Track 3: Complex or Specially Assigned

Presumed Complex: Homicide, Attempted 1st Degree Murder, Rape, 1st & 2nd Degree Sex Offenses, Child Abuse, Major Fraud, Arson, Wiretap, Complicated Science-Centered and High Technology Cases (DNA, stem cells, addiction, brain imaging and other complicated scientific issues), any trial of 5 days or more, and Consolidated Cases.

Reason(s) for assigning case to track other than assigned/presumed track:

_____

_____

_____

Interpreter needed? ___ If yes, please go to the Circuit Court for Howard County website to obtain interpreter information, at: mdcourts.gov/circuit/howard

___Letam Duson___ / _1312170247_/__410-576-7067_
State's Attorney             CPF ID             Phone Number

Initial Criminal Differentiated Case Management Plan Track Designation: _____
* Jury Trial Prayer cases and Appeal from District Court cases are automatically assigned to Track 1.

Cases involving (or likely involving) complicated science-centered and/or high technology evidentiary issue(s) or question(s) will be specially assigned to an ASTAR Judge.

# CIRCUIT COURT TRACKING NUMBER TRANSMITTAL FORM

| ORIGINAL FILING<br>'25-7013-00052-1 | 25-7013-00052-1 | FILING LOG<br>25-7013-00052-1 | CIRCUIT COURT FOR<br>, Howard |
|---|---|---|---|
| DEFENDANT'S NAME (LAST, FIRST, M.I.) | | CASE NUMBER | TRACKING NUMBER - CRCR<br>‖‖‖‖‖‖‖‖ 25-7013-00052-1 |

## INSTRUCTIONS TO STATE'S ATTORNEY

*(USE ONLY FOR CASES ORIGINATING IN THE CIRCUIT COURT BY THE STATE'S ATTORNEY)*

1. ENTER defendant's name, the circuit court, court identification number, and case number.

2. AFFIX the tracking number label marked "Original Filing" to the indictment or information (See Note).

3. TRANSMIT this form to the Clerk of the Court attached to the indictment or information.

4. RETAIN copy of transmittal form(s) in case file.

NOTE: When a multiple indictment or information is filed against a defendant that arises from a single incident, a single form and its unique tracking number should be used. Also, use a separate form for each defendant in a multiple defendant indictment or information and affix labels so they are identified with each co-defendant. However, when a multiple indictment or information is filed against a defendant for separate incidents, a separate form and its unique tracking number should be used for each incident.

| 25-7013-00052-1 | 25-7013-00052-1 | 25-7013-00052-1 | 25-7013-00052-1 | 25-7013-00052-1 |
|---|---|---|---|---|

## INSTRUCTIONS TO CLERK ON RECEIPT OF FORM
### *(RETAIN FORM WITH CASE FILE)*

1. **INITIAL FILING**
   a. **VERIFY** entry of court identification number and case number.
   b. **AFFIX** label(s) marked "Filing Log" to the Daily Case Filing Log sent to Judicial Information Systems or, if reporting is automated, **ENTER** number in field used for Tracking Number.

2. **ISSUANCE OF A WARRANT**
   a. If warrant issues, **REMOVE** strip that includes label marked "Tracking Number - CRCR."
   b. **AFFIX** strip to top of the front of fingerprint card supplied by the CJIS Customer Services (410-764-4501 or 1-888-795-0011).
   c. **GIVE** warrant, card, and charging document to law enforcement agency serving warrant.
   **NOTE:** With a multiple indictment or information originating from seperate incidents against the **same defendant. AFFIX** strip with lowest number in sequence on the top of the front of each card. **AFFIX** additional strips from other forms to front of card in blocks labeled Arrest #2 and Arrest #3.

3. **ISSUANCE OF A SUMMONS**
   If summons issues, merely **PLACE** form in case file after affixing label as in 1b. **NOTE:** If defendant is also fingerprinted upon the service of a summons, follow Paragraph 2.

4. **AT SENTENCING-NO PREVIOUS FINGERPRINTING; AFFIXING LABEL(S) TO COMMITMENT AND/OR ORDER FOR PROBATION**
   a. **COURT ORDERED FINGERPRINTING-** If defendant pleads guilty or nolo contendere, or is found guilty and fingerprinting is ordered pursuant to Article 27, Section 747 A, **REMOVE** the strip that includes the label marked "Tracking Number - CRCR" and **AFFIX** it to the fingerprint card. **PREPARE** an order for fingerprinting and **GIVE** copy of order and card to law enforcement agency designated to fingerprint. **AFFIX** label(s) to copy of commitment sent to local facility.
   b. **COMMITMENT TO DIVISION OF CORRECTION -** Do not prepare court order. **AFFIX** strip(s) to fingerprint card and send with commitment. But if strip(s) has/have been used, use label(s) and **AFFIX** to card sent to Division. Also **AFFIX** label(s) to copy of commitment sent to Division.
   c. **PROBATION -** **AFFIX** label(s) to copy of Order for Probation given to agent. If split sentence use additional label(s).

**25-7013-00052-1**